DANIEL McCARTY AND MATTHEW McNAMEE, RESPONDENTS, *v.* THOMAS HOLMAN, LAUNCELOT NICHOLS AND WILLIAM NICHOLS, APPELLANTS.

22h 53
72 AD ¹594

*Oyster-beds—right of the one who stakes them out to the oysters planted and their offspring.*

Although the right of fishing in the navigable waters of the State is common to all of its citizens, yet where one has staked out a bed, where no oysters are then growing, planted oysters therein, and taken measures to save and protect the young oysters, or "spat," such oysters and their offspring belong to him, and he may maintain an action against one who takes them away and converts them to his own use.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the conversion of certain oysters which were claimed to belong to the plaintiffs.

Upon the trial, the plaintiffs gave evidence tending to show that, in the month of July, 1876, the plaintiffs entered into a copartnership for the purpose of planting and raising oysters, and selected the ground described in the complaint, to plant their oysters on. That on dredging over the ground, to ascertain whether there were any natural oysters growing there, and whether it was a natural oyster-ground, they found none. They then staked out the ground distinctly, and purchased and planted 2,300 bushels of scallop shells, and a quantity of seed oysters. The shells were put down for the purpose of catching the oyster spat floating in the water, which would not set on the mud. The plaintiffs tended and watched the young oysters as they grew, and kept them clear of sea-stars for more than two years, until the Fall of 1878, when the young oysters had begun to be marketable, when the defendants went on the grounds and took up and carried away about $300 worth of the oysters, and sold them, and refused to return them, or account for them to the plaintiffs. The defendants claimed that the spot selected by the plaintiffs was a natural oyster bed, and that they were entitled to take the oysters therefrom.

Upon the trial, one Chapman was examined as a witness, and testified that he had taken oysters from the bed in the fall of 1878. He was then asked whether he ever got oysters prior to that time on that ground. The plaintiff objected to this question, and the objection was sustained.

*Arthur T. Hoffman* and *John H. Clapp*, for the appellants.

*Martin J. Keogh*, for the respondents.

GILBERT, J. :

No doubt the right of fishery in the navigable waters of the State is common to all its citizens. Equally clear, however, is the

right of any citizen to acquire an exclusive property in oysters which he has planted upon beds, distinctly designated by stakes, where no oysters were growing at the time. (*Fleet* v. *Hegeman*, 14 Wend., 47; *Decker* v. *Fisher*, 4 Barb., 595; *Lowndes* v. *Dickerson*, 34 Id., 589.) The right of property in such oysters rests upon the same principle as that which governs that in animals *feræ naturæ*, which have been caught and reclaimed. Indeed, it is a misdemeanor to take and carry away oysters so planted. (L. 1866, ch. 753.) We are of opinion also, that the same right of property extends to, and embraces the offspring of parent oysters so planted, which remain within the bed so designated, and is not restricted to the identical oysters planted. Young oysters, when expelled, are about $\frac{1}{120}$ of an inch in length, and about two millions are capable of being closely packed in a cubic inch. (Chamb. Enc.) Fishermen call them spat. They are wafted away by currents, and would be lost unless they found an object to which they could adhere. The plaintiffs provided means within the bed, which they planted, to save the spat of oysters, and we are of opinion that their property in the oysters grown from the spat so preserved is quite as good as that in the parent oysters, whether the spat proceeded from oysters which they planted, or from other oysters. Upon the questions of fact involved the verdict of the jury rests upon sufficient evidence, and it must be held to be conclusive.

The question put to the witness, Chapman, was properly excluded, because it was not limited to a period prior to the planting of the plaintiff's oysters. We have already answered the first exception to the charge of the judge. The second one is not specific enough to raise the question as to the effect of planting oysters upon a bed of natural oysters.

The judgment and order denying a new trial must be affirmed with costs.

Present—BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed with costs.